UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v | ) |
| | ) |
| HANAN AL-SHARAF | ) |
| | ) |

**MOTION TO SEAL COMPLAINT, ARREST WARRANT, AND ALL SUPPORTING DOCUMENTS, INCLUDING THE AFFIDAVIT IN SUPPORT**

The United States, by and through its undersigned attorneys, respectfully submits this Motion to Seal, and states that the Complaint, Arrest Warrant, and all supporting documents, including the Affidavit in Support, in this matter contain sensitive law enforcement information regarding an ongoing and covert criminal investigation by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) If such information were made public at this time, it could impede the ongoing investigation by alerting persons suspected of engaging in criminal conduct of law enforcement activity and information known to law enforcement Such premature public disclosure could compromise the ongoing investigation and could undermine the development of evidence in this matter

As the Supreme Court explained, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes " *Nixon v Warner Communs , Inc* , 435 U S 589, 598 (1978), *see also United States v Hubbard*, 650 F 2d 293, 315 (D C Cir 1981) Federal courts are empowered to seal or protect documents in appropriate circumstances, including to maintain the secrecy of ongoing investigations *See Hubbard*, 650 F 2d at 316, n 84 (citing *In re Sealed Affidavits*, 600 F 2d 1256 (9th Cir 1979), *Shea v Gabriel*, 520 F 2d 879, 880, 882 (1st Cir 1975)), *see also In*

1

*re Grand Jury Subpoena, Judith Miller*, 438 F 3d 1138, 1141 (D C Cir 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel), *cf* Fed R Civ P 5 and 5 2 (granting federal courts supervisory power over pleadings and permitting filing under seal per court order), Fed R Civ P 26(c)(1) (allowing protective orders and sealing to avoid embarrassment during discovery), Fed R Crim P 6(e)(4) and 6(e)(6) (authorizing the sealing of indictments, as well as records, orders, and subpoenas)

In this matter, there is ample reason for the Court to exercise its authority to seal the filings The D C Circuit in *Hubbard* identified six factors as relevant in assessing the propriety of sealing court records (1) the need for public access to the documents, (2) whether the public had prior access to the documents, (3) whether any objections have been raised to sealing or unsealing the documents and the identity of those objecting, (4) the strength of the generalized property and privacy interests asserted in the documents, (5) the possibility of prejudice, and (6) the purpose for which the documents were introduced *Hubbard*, 650 F 2d at 317-22 An analysis of the *Hubbard* factors weighs strongly in favoring of granting the United States' Motion to Seal

First, there is no demonstrable need for the public to access the Complaint, Arrest Warrant, and all supporting documents, including the Affidavit in Support, in this matter at the present time A sufficient justification for the sealing of court documents exists when the government is trying to avoid compromising an ongoing investigation *See Washington Post v Robinson*, 935 F 2d 282, 291 (D C Cir 1991) (recognizing that a valid justification for sealing a plea agreement may be that its release could threaten an ongoing criminal investigation) The second and third *Hubbard* factors are not implicated in this matter, as the public has not had prior access to these documents The Complaint, Arrest Warrant, and all supporting documents,

including the Affidavit in Support, are being filed on an ex parte basis contemporaneous with this motion to seal, and no objections have been raised by any member of the public

Consideration of the fourth *Hubbard* factor strongly favors granting the Motion to Seal The documents sought to be sealed constitute the United States' application to arrest Hanan Al Sharaf, there is no party that may possess a property or privacy interest in these documents Fifth, public disclosure of these documents may prejudice the United States and its ability to pursue an ongoing criminal investigation  Not sealing the Complaint, Arrest Warrant, and all supporting documents, including the Affidavit in Support, would reveal sensitive information to individuals who could use the information to impede an ongoing criminal investigation  Finally, considering the sixth *Hubbard* factor, the Complaint, Arrest Warrant, and all supporting documents, including the Affidavit in Support, have not been introduced as evidence

Therefore, the United States respectfully requests that this Court issue an Order sealing the Complaint, Arrest Warrant, and all supporting documents, including the Affidavit in Support, until further order of this Court

        Respectfully submitted,

        KENDALL DAY, ACTING CHIEF
        ASSET FORFEITURE AND MONEY
        LAUNDERING SECTION

By    */s/ Marie Dalton*
      MARIE M DALTON (CA Bar No 246606)
      Trial Attorney
      Asset Forfeiture and Money
        Laundering Section
      United States Department of Justice
      1400 New York Avenue, NW
      Bond Building, Suite 10100
      Washington, DC 20005
      Telephone   (202) 598-2982
      Email   Marie Dalton@usdoj gov