# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | )  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Crim. No. 1:15-MJ-139 (GMH) |
| v. | ) |
| | ) |
| **HANAN AL SHARAF** | ) |
| | ) |

## UNOPPOSED MOTION TO MODIFY RELEASE CONDITIONS

COMES NOW defendant Hanan Al Sharaf, through undersigned counsel, and respectfully requests that this Court modify her conditions of release, pursuant to 18 U.S.C. §§ 3142 and 3145. In support of this Motion, Ms. Al Sharaf submits the following points and authorities:

1.	Ms. Al Sharaf was arrested in connection with this case on the evening of March 5, 2015 and her presentment was held on March 9, 2015.

2.	Ms. Al Sharaf was charged in a criminal complaint with conspiring to commit money laundering, in violation of 18 U.S.C. §1956(h). Ms. Al Sharaf formerly worked at the Health Office of the Kuwait Embassy in Washington, DC. According to the Complaint, certain individuals are alleged to have participated in an embezzlement scheme in the Office and Ms. Al Sharaf is alleged to have conspired with them.

3.	A preliminary hearing was scheduled for March 27, 2015. However, upon agreement of the parties, that hearing was continued to April 10, 2015, and subsequently to June 1, 2015, to afford the parties an opportunity to discuss the case.

4.	Ms. Al Sharaf is a Kuwaiti national and an employee of the Kuwait Health Ministry. Beginning in July 2011, she was assigned by the Health Ministry as the financial attaché in the Health Office in Washington DC. At that time, she moved here with her four

children and has been renting a house in McLean, Virginia while working at the Health Office. Her husband, Ali Mohammad, is employed by an agency of the Kuwait government and is currently assigned to work in Kuwait.

5. At the presentment, the Kuwait Embassy posted a $100,000 cash bond on Ms. Al Sharaf's behalf. Magistrate Judge Harvey then released Ms. Al Sharaf to the High Intensity Supervision Program, with electronic monitoring and confinement to the McLean home. According to the Release Order, Ms. Al Sharaf is permitted to leave her home for medical and legal appointments, court appearances, religious services, and attendance at her children's school functions. She was also ordered to surrender her passport and the passports of her four children. Although the Release Order did not specify that drug testing was required, Pretrial Services has required Ms. Al Sharaf to submit to weekly drug testing as part of its standard practice unless the Court waives this requirement.

6. On April 7, 2015, Magistrate Judge Robinson granted an Unopposed Motion to Modify the Conditions of Release. Under that Order, Ms. Al Sharaf is permitted to leave her home on weekdays from 3:00 p.m. to 7:30 p.m. and on Saturdays and Sundays from 2:00 p.m. to 8:00 p.m. in order to go grocery shopping, run errands, and drive her children to their activities and appointments. These trips are confined to the local Washington, D.C. metropolitan area and may not exceed 40 miles from her home. Ms. Al Sharaf remains on electronic monitoring and is required to notify Pretrial Services before she leaves the home each day and again when she returns.

7. Ms. Al Sharaf has complied with all the conditions of her release since they were originally imposed on March 9, 2015.

8. Ms. Al Sharaf seeks further modification of the conditions of release as described below.

9. Ms. Al Sharaf has medical issues that require her to see her doctor. For the doctor's examination and any subsequent electronic testing, she seeks to remove the electronic monitoring ankle bracelet that she wears pursuant to the Release Order. The parties agree that Ms. Al Sharaf may do so under the following conditions: she shall notify the Department of Justice and Pretrial Services of the date and time of her doctor's appointment at least 24 hours prior thereto; she may remove the ankle bracelet on the morning of the appointment but no more than 20 minutes prior to the time of her appointment; and she shall go to the Pretrial Services office immediately after the appointment to have the electronic ankle bracelet re-attached. The first appointment is on May 22, 2015 at 11:00 a.m. at the doctor's office located at Sibley Hospital in Washington, D.C. The parties agree that if a follow-up medical appointment is needed that requires the removal of her electronic monitoring ankle bracelet, the same procedure shall apply, i.e., Ms. Al Sharaf shall notify the Department of Justice and Pretrial Services of the date and time of the appointment at least 24 hours in advance; she may remove the ankle bracelet no more than 20 minutes prior to the appointment; and she shall go to the Pretrial Services office immediately after the appointment to have the ankle bracelet re-applied.

10. The parties also agree that there is no need to continue weekly drug testing of Ms. Al Sharaf.

Under 18 U.S.C. §3142(g), the factors that the Court should consider in determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person or the community" all weigh in favor of modifying the conditions such that (1) Ms. Al Sharaf may visit her doctor to address her medical issues

without wearing the electronic ankle bracelet, while following the requirements described above; and (2) drug testing is no longer required. This is not a crime of violence and Ms. Al Sharaf poses no danger to the community. She no longer works in the Kuwait Health Office in Washington DC and has abided by the condition that she not have contact with certain individuals who formerly worked there. Ms. Al Sharaf is 39 years old with no criminal history. She lives in McLean and is dedicated to the care and well-being of her four young children, who are all attending local schools. Neither Ms. Al Sharaf nor the children are in possession of their passports. Under these circumstances, the parties agree that there is no significant risk of flight presented by permitting Ms. Al Sharaf to remove the ankle bracelet for the limited period of time necessary to visit her doctor, while requiring her to go to Pretrial Services immediately afterwards to have it re-applied. The parties also agree that there is no need to continue weekly drug testing.

WHEREFORE, for the reasons stated above, defendant Hanan Al Sharaf respectfully requests that her Motion be granted and that the conditions of release be modified as described above and as specified in the attached Proposed Order.

Respectfully submitted,

/s/
Terence J. Lynam (No. 253872)
Stanley E. Woodward, Jr. (No. 997320)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)
Email: tlynam@akingump.com
sewoodward@akingump.com
*Counsel for Hanan Al Sharaf*

# **CERTIFICATE OF SERVICE**

I certify that on this 15th day of May, 2015, I have served a copy of the foregoing document electronically and/or by placing a copy of the same in the U.S. Mail addressed as follows:

>Marie Dalton, Esq.
>
>Stephen Gibbons, Esq.
>
>United States Department of Justice
>Asset Forfeiture and Money Laundering
>1400 New York Avenue, N.W., Suite 500
>Washington, DC  20005

>_____/s/_____
>
>Terence J. Lynam (No. 253872)
>AKIN GUMP STRAUSS HAUER & FELD, LLP
>1333 New Hampshire Avenue, N.W.
>Washington, D.C.  20036
>(202) 887-4000 (telephone)
>(202) 887-4288 (facsimile)
>Email: tlynam@akingump.com
>
>*Counsel for Hanan Al Sharaf*